IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALMA A. SAUL,

       Plaintiff,

v.                                                                                                                      1:24-cv-01082-MIS-JMR

U.S. BANK NATIONAL ASSOCIATION,
*not in its individual capacity but solely as*
*trustee for NRZ Inventory Trust*,

       Defendants.

**ORDER GRANTING REQUEST FOR**
**JUDICIAL NOTICE AND ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court on defendant's Request for Judicial Notice. Doc. 13. Ms. Saul, appearing *pro se*, did not respond to the request. The Honorable District Judge Margaret I. Strickland referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 18.

Defendant's Request for Judicial Notice (Doc. 13) is hereby GRANTED. *Infra* § I. Based on the Court's review of this notice, Ms. Saul is ordered to show cause by **April 4, 2025**, why this case should not be dismissed for impermissible claim splitting. *Infra* § II.

**I.**    **The Court hereby grants defendant's Request for Judicial Notice.**

On January 2, 2025, defendant "U.S. Bank National Association, not in its individual capacity but solely as trustee of NRZ Inventory Trust" ("US Bank") filed a Request for Judicial Notice in Support of its Motion to Dismiss.[1] Doc. 13. While the title notes that the request is in

---

[1] The Request for Judicial Notice (Doc. 13) references defendant's now-moot Motion to Dismiss Ms. Saul's first amended complaint. Doc. 12; *see Edwards v. Hanuman Corp.*, No. 1:21-cv-01180-KWR-LF, 2022 WL 1156639, at *1 (D.N.M. Apr. 19, 2022) ("The filing of an amended

support of defendant's motion to dismiss, "[t]he court may take judicial notice at any stage of the proceeding." FED. R. EVID. 201(d); *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997).

Defendant requests that the Court take judicial notice of the docket sheets and several filings from three related state court cases: *Bank of New York Mellon v. Saul*, D-202-CV-2016-08006 (N.M. 2d Jud. Dist. Ct. filed Dec. 23, 2016); *Bank of New York Mellon v. Saul*, A-1-CA-38982 (N.M. Ct. App. filed April 23, 2020) (appeal of the former *Bank of New York Mellon v. Saul* action); *US Bank Nat'l Ass'n v. Saul*, D-202-CV-2023-05192, (N.M. 2d Jud. Dist. Ct. filed June 30, 2023). Docs. 13-1–13-11; *see also infra* § II.A (discussing the relevance of these proceedings).

The Court may "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (quoting *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir.2001)). The Court may take judicial notice of "publicly-filed records in . . . other courts concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (citation omitted). "However, '[t]he documents may only be considered to show their contents, not to prove the truth of matters asserted therein.'" *Tal*, 453 F.3d at 1264 n.24 (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

Accordingly, the Court grants defendant's request to take judicial notice of the docket

---

complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *see also* Doc. 16 (plaintiff's timely second amended complaint). However, US Bank's updated Motion to Dismiss directed at the second amended complaint also incorporates the Request for Judicial Notice. Doc. 19.

sheets and filings from the three related state court proceedings (Docs. 13-1–13-11). *See Ahidley*, 486 F.3d at 1192 n.5. However, the Court does not assume the truth of the matters asserted within those filings. *See Tal*, 453 F.3d at 1264 n.24.

**II.     Ms. Saul is ordered to show cause why this case should not be dismissed for claim splitting.**

Upon review of the Request for Judicial Notice, it appears that this case should be dismissed for impermissible claim splitting. *See* Docs. 13-1–13-11. Ms. Saul is ordered to show cause as to why her case should not be dismissed.

**A.  Background**

According to the state court filings, Ms. Saul took a mortgage out on a home around July 22, 2005. Doc. 13-2 at 2; *see also id.* at 14–32 (copy of the mortgage). Ms. Saul allegedly failed to pay her mortgage. *Id.* at 3. So, the then-trustee of the mortgage, Bank of New York Mellon, filed a lawsuit to foreclose the property. *See Bank of New York Mellon v. Saul*, D-202-CV-2016-08006 (2d Jud. Dist. Ct. N.M. filed Dec. 23, 2016) ("First Foreclosure"). Bank of New York Mellon was unsuccessful. The state court dismissed the First Foreclosure action "without prejudice." Doc. 13-3 at 1.

Bank of New York Mellon appealed the dismissal. *Bank of New York Mellon v. Saul*, A-1-CA-38982 (N.M. Ct. App. filed April 23, 2020). The appeal was also unsuccessful. The New Mexico Court of Appeals affirmed the lower court's dismissal of the First Foreclosure action. Doc. 13-6.

Then, roughly a-year-and-a-half later, the now-trustee of the mortgage, US Bank, filed a "Second Foreclosure" action regarding the same property. *US Bank Nat'l Ass'n v. Saul*, D-202-CV-2023-05192, (2d Jud. Dist. Ct. N.M. filed June 30, 2023). Seemingly, the Second Foreclosure action is still ongoing. *Id.* (most recent filing Feb. 20, 2025). Ms. Saul, appearing

3

*pro se*, filed "counterclaims for fraud . . . and malicious prosecution," in the Second Foreclosure. Doc. 13-9. The state court granted summary judgment in US Bank's favor and denied Ms. Saul's counterclaims. Doc. 13-11 (state court's summary judgment ordered filed Aug. 7, 2024).

Amid the Second Foreclosure action, plaintiff filed this case in federal court. Doc. 1 (filed Oct. 24, 2024). Here, Ms. Saul is suing US Bank for "malicious use of process" for bringing the "baseless" Second Foreclosure action. Doc. 16 at 2–3.

Ms. Saul appears to believe that this action and the Second Foreclosure action are one in the same. *See, e.g.*, Doc. 20 (Ms. Saul disagreeing with US Bank that the pending state court action and this federal court action are "wholly separate action[s]," and arguing, instead, that they are "a continuation of multiple filings."). She is mistaken. This case was not removed from state court. Ms. Saul created an entirely separate action in federal court by filing a complaint and paying the filing fee. While Ms. Saul styled her complaint—as well as the subsequent amended complaints—as "counterclaims," there was no existing federal claim to which she was countering. Ms. Saul also correctly refers to herself as the plaintiff in the body of her original complaint and amended complaints. Doc. 1 at 1; Doc. 6 at 1; Doc. 16 at 1.

In sum, this federal action and the ongoing Second Foreclosure action in state court (*US Bank Nat'l Ass'n v. Saul*, D-202-CV-2023-05192, (2d Jud. Dist. Ct. N.M. filed June 30, 2023)) are two separate lawsuits—albeit based on the same facts among the same parties.

**B. Claim Splitting**

By filing this federal lawsuit, it appears that Ms. Saul is impermissibly splitting her claims between this Court and the state court in the Second Foreclosure action.

"The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).

> When the pendency of a [previously filed] suit is set up to defeat another, the case must be the same. There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same.

*Id.* (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). Claim splitting is "an aspect of res judicata," which is also called claim preclusion. *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir. 2002) (collecting cases).

Accordingly, "the test for claim splitting is . . . whether the first suit, assuming it were final, would preclude the second suit." *Id.* at 1218. Under New Mexico law,[2] there are four basic elements of claim preclusion: "1) there was a final judgment in an earlier action, 2) the earlier judgment was on the merits, 3) the parties in the two suits are the same, and 4) the cause of action is the same in both suits." *Carrillo v. Penn Nat'l Gaming, Inc.*, 172 F. Supp. 3d 1204, 1211 (D.N.M. 2016) (citing *Potter v. Pierce*, 2015-NMSC-002, ¶ 10, 342 P.3d 54, 57). While "a final judgment is necessary for traditional claim preclusion analysis, it is not required for the purposes of claim splitting." *Katz*, 655 F.3d at 1218. A "cause of action" is "the facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together

---

[2] "[T]he best federal rule for the claim-preclusive effect of a federal diversity judgment is to adopt the law that would be applied by state courts in the State in which the federal diversity court sits." *Hartsel*, 296 F.3d at 986 (quotation omitted). Notably, "[f]ederal law and New Mexico law are not divergent on claim preclusion doctrine." *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 2, 139 N.M. 637, 640, 137 P.3d 577, 580.

with the facts which constitute the defendant's delict or act or wrong." *Vinson v. Graham*, 44 F.2d 772, 777 (10th Cir. 1930) (citation omitted).

It appears that Ms. Saul has impermissibly split her malicious use of process claim between this Court and the state court in the Second Foreclosure action. In this action, Ms. Saul is suing US Bank for "malicious use of process." Doc. 16 at 2. In the Second Foreclosure case, Ms. Saul filed a counterclaim for "fraud" and "malicious prosecution." Doc. 13-9. As US Bank's first Motion to Dismiss pointed out, malicious abuse of process and malicious prosecution are one in the same in New Mexico. Doc. 12 at 3 ("New Mexico has restated two traditionally distinct torts—malicious prosecution and abuse of process— as a single cause of action: malicious abuse of process.") (quoting *O'Brien v. Behles*, 2020-NMCA-032, ¶ 33, 464 P.3d 1097, 1110).

First, the "cause of action" in the two cases is the same. *See Carrillo*, 172 F. Supp. at 1211. Both cases arise out of Ms. Saul's complaint that US Bank improperly brought the Second Foreclosure action to harm Ms. Saul. Doc. 13-9 at 2 (US Bank "devised a scheme to defraud [Ms. Saul] of money or property (foreclosure) with misrepresentations."); Doc. 16 at 2 (The Second Foreclosure action "was instituted with malice—to hurt Plaintiff financially by foreclosing on her home. . . ."). While Ms. Saul uses slightly different language in her complaint and the counterclaim, "the facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act or wrong," appear to be the same in both actions. *See Vinson*, 44 F.2d at 777. Therefore, the cause of action is the same.

Second, "the parties in" this suit and the Second Foreclosure action are "the same." *See Carrillo*, 172 F. Supp. at 1211. Ms. Saul is the plaintiff in this action, and the counter claimant in

the Second Foreclosure. Whereas, US Bank is the defendant here, and the counter defendant in the Second Foreclosure.

Third, Ms. Saul received a judgment "on the merits" in state court. *See Carrillo*, 172 F. Supp. at 1211. In the Second Foreclosure action, the New Mexico court granted summary judgment in favor of US Bank. Doc. 13-11. In doing so, it "denied and dismissed" Ms. Saul's counterclaims. *Id.* at 8. By granting summary judgment in favor of US Bank and denying Ms. Saul's counterclaims, the New Mexico court made a decision "on the merits." *Gardner v. Delta Dental Plan of New Mexico, Inc.*, No. 20-cv-01271-DHU-LF, 2023 WL 2413775, at *5 (D.N.M. Mar. 8, 2023) ("[A] summary judgment is a decision on the merits of the case.") (quoting *Cordova v. State, Tax'n & Revenue, Prop. Tax Div.*, 2005-NMCA-009, ¶ 38, 136 N.M. 713, 723, 104 P.3d 1104, 1114).

Finally, it appears that Ms. Saul herself intended these two actions to be the same. *See* Doc. 20 (Ms. Saul disagreeing with US Bank that the pending state court action and this federal court action are "wholly separate action[s]," and arguing, instead, that they are "a continuation of multiple filings."). She uses the same language when requesting relief in both actions. Doc. 13-9 at 3 ("Fines up to $1,000,00[0] 'affecting a financial institution. . . .'") (referencing 18 U.S.C. § 1341, "Frauds and swindles"); Doc. 16 at 4 (Under "Relief," "$1,000,000 is comparable to the (criminal) maximum fine for 'frauds and swindles' . . . 'affecting a financial institution.'") (referencing the same). Plaintiff attached the same press release to both the complaint here and the counterclaim. Doc. 13-9 at 4–5 ("Bank of America to Pay $16.65 Billion in Historic Justice Department Settlement for Financial Fraud Leading up to and During the Financial Crisis"); Doc. 16 at 12 (same). Finally, two months after this federal case was initiated, Ms. Saul filed a document titled "Notice of Removal." Doc. 11. As this action was already initiated, the Second

7

Foreclosure case was not removed to federal court when Ms. Saul filed this document. *See* 28 U.S.C. § 1446 ("Procedure for removal of civil actions"). Nonetheless, context suggests that Ms. Saul intended this case and the counterclaim in the Second Foreclosure to be one in the same.

All three elements for impermissible claim splitting appear to have been met here. This case and the Second Foreclosure counterclaim are based on the same cause of action, the cases are between the same parties, and Ms. Saul received a judgment on the merits on her counterclaim. *See Carrillo*, 172 F. Supp. at 1211. Accordingly, the filing of this action appears to be impermissible claim splitting. *Katz*, 655 F.3d at 1217. Thus, the case should be dismissed.

If Ms. Saul's disagrees with the state court's judgment, the remedy lies in the state appellate system, not in federal district court. Federal district courts do not "exercise appellate jurisdiction over state-court judgments." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 644 n.3 (2002).

### III.   Conclusion

US Bank's Request for Judicial Notice (Doc. 13) is hereby GRANTED. Ms. Saul is ordered to show cause by **April 4, 2025**, why this case should not be dismissed for impermissible claim splitting. Otherwise, this case may be dismissed without further warning.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge

8