IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALMA A. SAUL,

      Plaintiff,

v.                                                                                           1:24-cv-01082-MIS-JMR

U.S. BANK NATIONAL ASSOCIATION,
*not in its individual capacity but solely as*
*trustee for NRZ Inventory Trust*,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on *pro se* plaintiff Alma Saul's Request for Leave of Court to File Motion to Amend Complaint (Doc. 29) and this Court's *sua sponte* Order to Show Cause (Doc. 24). Defendant "U.S. Bank National Association, not in its individual capacity but solely as trustee of NRZ Inventory Trust" ("US Bank") filed a response to the Request for Leave of Court to File Motion to Amend Complaint (Doc. 29). Doc. 30. Ms. Saul filed a reply. Doc. 31. However, she did not file a response to the Court's Order to Show Cause. The Honorable District Judge Margaret I. Strickland referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 18.

For the reasons explained below, I recommend that the Court DENY plaintiff's motion to amend complaint as futile and dismiss the case without prejudice.

**I.  Background**

This case is intertwined with three state court cases: *Bank of New York Mellon v. Saul*, D-202-CV-2016-08006 (N.M. 2d Jud. Dist. Ct. filed Dec. 23, 2016); *Bank of New York Mellon v. Saul*, A-1-CA-38982 (N.M. Ct. App. filed April 23, 2020) (appeal of the former *Bank of New*

*York Mellon v. Saul* action); *US Bank Nat'l Ass'n v. Saul*, D-202-CV-2023-05192, (N.M. 2d Jud. Dist. Ct. filed June 30, 2023). *See* Docs. 13 (Request for Judicial Notice); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (The Court may take judicial notice of "publicly-filed records in . . . other courts concerning matters that bear directly upon the disposition of the case at hand.") (citation omitted).

According to these cases, Ms. Saul took a mortgage out on a home around July 22, 2005. Doc. 13-2 at 2; *see also id.* at 14–32 (copy of the mortgage). Thereafter, Ms. Saul allegedly failed to pay her mortgage. *Id.* at 3. The then-trustee of the mortgage, Bank of New York Mellon, filed a lawsuit to foreclose the property. *See Bank of New York Mellon v. Saul*, D-202-CV-2016-08006 (2d Jud. Dist. Ct. N.M. filed Dec. 23, 2016) ("First Foreclosure"). However, Bank of New York Mellon's lawsuit was unsuccessful, and the state court dismissed the First Foreclosure action "without prejudice." Doc. 13-3 at 1.

Bank of New York Mellon appealed the dismissal. *Bank of New York Mellon v. Saul*, A-1-CA-38982 (N.M. Ct. App. filed April 23, 2020). The appeal was also unsuccessful. The New Mexico Court of Appeals affirmed the lower court's dismissal of the First Foreclosure action. Doc. 13-6.

Roughly a-year-and-a-half later, the now-trustee of the mortgage, US Bank, filed an action regarding the same property ("Second Foreclosure"). *US Bank Nat'l Ass'n v. Saul*, D-202-CV-2023-05192, (2d Jud. Dist. Ct. N.M. filed June 30, 2023). Seemingly, the Second Foreclosure action is still ongoing. *Id.* (upcoming hearing scheduled for May 21, 2025). Ms. Saul, appearing *pro se*, filed "counterclaims for fraud . . . and malicious prosecution," in the Second Foreclosure. Doc. 13-9. The state court granted summary judgment in US Bank's favor and denied Ms. Saul's counterclaims. Doc. 13-11 (state court's summary judgment ordered filed

Aug. 7, 2024).

Amid the Second Foreclosure action, plaintiff filed this case in federal court ("Federal Case"). Doc. 1 (filed Oct. 24, 2024). In the Federal Case, Ms. Saul is suing US Bank for "malicious use of process" for bringing the "baseless" Second Foreclosure action. Doc. 16 at 2–3.

At some point, Ms. Saul appears to have concluded that the Federal Case and the Second Foreclosure action are one in the same. *See, e.g.*, Doc. 20 (Ms. Saul disagreeing with US Bank that the pending state court action and this federal court action are "wholly separate action[s]," and arguing, instead, that they are "a continuation of multiple filings."). This is a mistaken belief. While Ms. Saul styled her Federal Case complaint—as well as the subsequent amended complaints—as "counterclaims," there was no existing federal claim to which she was countering. Doc. 1 at 1; Doc. 6 at 1; Doc. 16 at 1. Ms. Saul created an entirely separate action in federal court by filing a complaint and paying the filing fee.

**II.   Claim Splitting**

By filing the Federal Case, Ms. Saul impermissibly split her claims between this Court and the state court in the Second Foreclosure action. *See US Bank Nat'l Ass'n v. Saul*, D-202-CV-2023-05192, (2d Jud. Dist. Ct. N.M. filed June 30, 2023).

Ms. Saul was ordered to show cause as to why her claims should not be dismissed for impermissible claim splitting, but she did not file a response. Doc. 24 (Order to Show Cause); *see also* Doc. 27 (reminding Ms. Saul that to "file a separate response" to the Order to Show Cause). Nonetheless, Ms. Saul's proposed amended complaint (Doc. 28) addresses the claim splitting allegations. So, in the interest of deference to a *pro se* litigant, the Court will address the arguments Ms. Saul raises in her proposed amended complaint. *See Hall v. Bellmon*, 935 F.2d

3

1106, 1110 (10th Cir. 1991) (Pleadings by *pro se* litigants are "to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

"The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).

> When the pendency of a [previously filed] suit is set up to defeat another, the case must be the same. There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same.

*Id.* (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). Claim splitting is "an aspect of res judicata," which is also called claim preclusion. *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir. 2002) (collecting cases).

Accordingly, "the test for claim splitting is . . . whether the first suit, assuming it were final, would preclude the second suit." *Id.* at 1218. Under New Mexico law,[1] there are four basic elements of claim preclusion: "1) there was a final judgment in an earlier action, 2) the earlier judgment was on the merits, 3) the parties in the two suits are the same, and 4) the cause of action is the same in both suits." *Carrillo v. Penn Nat'l Gaming, Inc.*, 172 F. Supp. 3d 1204, 1211 (D.N.M. 2016) (citing *Potter v. Pierce*, 2015-NMSC-002, ¶ 10, 342 P.3d 54, 57). While "a final judgment is necessary for traditional claim preclusion analysis, it is not required for the purposes of claim splitting." *Katz*, 655 F.3d at 1218. A "cause of action" is "the facts from which

---

[1] "[T]he best federal rule for the claim-preclusive effect of a federal diversity judgment is to adopt the law that would be applied by state courts in the State in which the federal diversity court sits." *Hartsel*, 296 F.3d at 986 (quotation omitted). Notably, "[f]ederal law and New Mexico law are not divergent on claim preclusion doctrine." *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 2, 139 N.M. 637, 640, 137 P.3d 577, 580.

the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act or wrong." *Vinson v. Graham*, 44 F.2d 772, 777 (10th Cir. 1930) (citation omitted).

Ms. Saul impermissibly split her malicious use of process claim between this Court in the Federal Case and the state court in the Second Foreclosure action. In the Federal Case, Ms. Saul is suing US Bank for "malicious use of process." Doc. 16 at 2. In the Second Foreclosure case, Ms. Saul filed a counterclaim for "fraud" and "malicious prosecution." Doc. 13-9. As US Bank's first Motion to Dismiss pointed out, malicious abuse of process and malicious prosecution are one in the same in New Mexico. Doc. 12 at 3 ("New Mexico has restated two traditionally distinct torts—malicious prosecution and abuse of process— as a single cause of action: malicious abuse of process.") (quoting *O'Brien v. Behles*, 2020-NMCA-032, ¶ 33, 464 P.3d 1097, 1110).

First, the "cause of action" in the two cases is the same. *See Carrillo*, 172 F. Supp. at 1211. Both cases arise out of Ms. Saul's complaint that US Bank improperly brought the Second Foreclosure action to harm Ms. Saul. Doc. 13-9 at 2 (US Bank "devised a scheme to defraud [Ms. Saul] of money or property (foreclosure) with misrepresentations."); Doc. 16 at 2 (The Second Foreclosure action "was instituted with malice—to hurt Plaintiff financially by foreclosing on her home. . . ."). While Ms. Saul uses slightly different language in her Federal Case complaint and the counterclaim, "the facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act or wrong," appear to be the same in both actions. *See Vinson*, 44 F.2d at 777. Therefore, the cause of action is the same.

Second, "the parties" in the Federal Case and the Second Foreclosure counterclaim are "the same." *See Carrillo*, 172 F. Supp. at 1211. Ms. Saul is the plaintiff in the Federal Case, and the counter claimant in the Second Foreclosure. Whereas, US Bank is the defendant in the Federal Case, and the counter defendant in the Second Foreclosure. Ms. Saul argues that the parties "in the two suits are not the same," listing "First Horizon Bank" and "Bank of New York Mellon" as additional parties.[2] Doc. 28 at 2–3. While there are additional defendants in the Second Foreclosure action, only Ms. Saul and US Bank are parties to her counterclaim in the Second Foreclosure. Doc. 13-7 (listing three additional defendants to the Second Foreclosure action); *see also Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) ("The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so."). The parties in the Federal Case and the Second Foreclosure counterclaim are the same.

Third, Ms. Saul received a judgment "on the merits" of her counterclaim in state court. *See Carrillo*, 172 F. Supp. at 1211. In the Second Foreclosure action, the New Mexico court granted summary judgment in favor of US Bank. Doc. 13-11. In doing so, it "denied and dismissed" Ms. Saul's counterclaims. *Id.* at 8. Ms. Saul argues that the state court's decision "was not on the merits" because "the Court barred relevant testimony or commentary from

---

[2] Notably, Bank of New York Mellon is not involved in the Second Foreclosure action, only the First Foreclosure. *See Bank of New York Mellon v. Saul*, D-202-CV-2016-08006 (N.M. 2d Jud. Dist. Ct. filed Dec. 23, 2016). And "First Horizon Bank" is also not a party to the Second Foreclosure. Although, Ms. Saul may be referring to either "First Horizon Home Loan Corporation" or "First Financial Bank NA," who are each defendants in the Second Foreclosure. *See* Doc. 13-7.

Plaintiff's husband, Roger S. Saul." Doc. 28 at 2. However, a decision on summary judgment is a decision on the merits. *Gardner v. Delta Dental Plan of New Mexico, Inc.*, No. 20-cv-01271-DHU-LF, 2023 WL 2413775, at *5 (D.N.M. Mar. 8, 2023) ("[A] summary judgment is a decision on the merits of the case.") (quoting *Cordova v. State, Tax'n & Revenue, Prop. Tax Div.*, 2005-NMCA-009, ¶ 38, 136 N.M. 713, 723, 104 P.3d 1104, 1114). By granting summary judgment in favor of US Bank and denying Ms. Saul's counterclaims, the New Mexico court decided Ms. Saul's counterclaim "on the merits."

Notably, Ms. Saul argues that her "case was not fairly heard," by the state court. Doc. 28 at 2. There is an exception to claim preclusion for litigants who did not receive a "full and fair opportunity to litigate the claim in the prior suit." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1243 (10th Cir. 2017) (quotation omitted). "This narrow exception applies only where the requirements of due process were not afforded." *Id.* (citation omitted). In other words, "where a party shows a deficiency that would undermine the fundamental fairness of the original proceedings." *Id.* (quotation omitted). It is not clear whether that exception would also apply to the claim splitting doctrine. Afterall, in most circumstances, it would be difficult to say whether a party had a "full and fair opportunity to litigate" a claim while the litigation is still ongoing. Regardless, in this case, this Court has no reason to believe that Ms. Saul was not afforded due process in the Second Foreclosure action. While Ms. Saul may have preferred that the state court hear testimony from her husband, the state court certainly was not required to hear such testimony when the counter defendant was entitled to summary judgment. *See* N.M.R. Civ. P. 1-056(C) (Summary judgment "shall be rendered forthwith if . . . there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

Legally speaking, Ms. Saul did have "full and fair opportunity to litigate" her counterclaim in the Second Foreclosure.

Ms. Saul also correctly points out that "[t]here was not final judgment in an earlier action." Doc. 28 at 2. However, as explained above, while "a final judgment is necessary for traditional claim preclusion analysis, it is not required for the purposes of claim splitting." *Katz*, 655 F.3d at 1218.

Finally, it appears that Ms. Saul herself intended these two actions to be the same. *See* Doc. 20 (Ms. Saul disagreeing with US Bank that the pending state court action and this federal court action are "wholly separate action[s]," and arguing, instead, that they are "a continuation of multiple filings."). She uses the same language when requesting relief in both actions. *Compare* Doc. 13-9 at 3 ("Fines up to $1,000,00[0] 'affecting a financial institution. . . .'") (referencing 18 U.S.C. § 1341, "Frauds and swindles"), *with* Doc. 16 at 4 (Under "Relief," "$1,000,000 is comparable to the (criminal) maximum fine for 'frauds and swindles' . . . 'affecting a financial institution.") (referencing the same). Plaintiff attached the same press release to both the complaint here and the counterclaim. Doc. 13-9 at 4–5 ("Bank of America to Pay $16.65 Billion in Historic Justice Department Settlement for Financial Fraud Leading up to and During the Financial Crisis"); Doc. 16 at 12 (same). Finally, two months after this federal case was initiated, Ms. Saul filed a document titled "Notice of Removal." Doc. 11. As this action was already initiated, the Second Foreclosure case was not removed to federal court when Ms. Saul filed this document. *See* 28 U.S.C. § 1446 ("Procedure for removal of civil actions"). Nonetheless, context suggests that Ms. Saul intended this case and the counterclaim in the Second Foreclosure to be one in the same.

All three elements for impermissible claim splitting have been met here. This case and the Second Foreclosure counterclaim are based on the same cause of action, the cases are between the same parties, and Ms. Saul received a judgment on the merits on her counterclaim. *See Carrillo*, 172 F. Supp. at 1211. Thus, the case should be dismissed.

If Ms. Saul disagrees with the state court's judgment, the remedy lies in the state appellate system, not in federal district court. Federal district courts do not "exercise appellate jurisdiction over state-court judgments." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 644 n.3 (2002).

### III.   Request for Leave of Court to File Motion to Amend Complaint

Ms. Saul's Request for Leave of Court to File Motion to Amend Complaint (Doc. 29) should be denied because amendment is futile.

Federal Rule of Civil Procedure 15 provides, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, a "district court may deny leave to amend where amendment would be futile." *Jefferson Cnty. School Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (citation omitted).

Here, Ms. Saul's proposed amendment is futile. *See Jefferson Cnty. School Dist. No. R-1*, 175 F.3d at 859. Ms. Saul's proposed amended complaint (Doc. 28) still impermissibly splits her claim between the Federal Claim in this Court and the Second Foreclosure in state court. As US Bank points out, the proposed amended complaint does not assert "any substantive, factual additions. . . [n]or are there any additional claims articulated." Doc. 30 at 1. "Rather, the proposed amended complaint simply contains argument that the action is not barred by claim

9

preclusion and does not impermissibly split claims." *Id.* Aside from these additional arguments, Ms. Saul's proposed amended complaint is functionally identical to the operative complaint in federal court. In her reply, Ms. Saul argues that her proposed amended complaint contains "additional articulated claims with substantial additions beyond what is alleged in the operative complaint." Doc. 31 at 2. But she does not explain what claims she added. While cognizant of the duty to liberally construe Ms. Saul's complaints, *see Hall*, 935 F.2d at 1110, it is difficult for the Court to ascertain any meaningful difference between the two. Both complaints accuse US Bank of malicious abuse of process for continuing to pursue the Second Foreclosure action. Because Ms. Saul's proposed amended complaint will still be barred by the claim splitting doctrine, amendment would be futile. *See Jefferson Cnty. School Dist. No. R-1*, 175 F.3d at 859.

I recommend the Court deny Ms. Saul's Request for Leave of Court to File Motion to Amend Complaint (Doc. 29).

## IV.     Recommendation

For the reasons explained above, I recommend that the Court:

1. Dismiss this case without prejudice for impermissible claim splitting, and
2. Deny Ms. Saul's Request for Leave of Court to File Motion to Amend Complaint (Doc. 29) as futile.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge